## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MID-SOUTH CONTROL LINE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1820** |
| **DICONELCI INTERNATIONAL, LLC** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Mid-South Control Line, LLC's ("Mid-South") motion[1] for default judgment against defendant Diconelci International, LLC ("Diconelci"). Mid-South requests that the Court enter judgment in its favor in the amount of $73,971.52 and award interest, costs, and attorney's fees. For the reasons that follow, the Court grants the motion for default judgment.

## I. BACKGROUND

Mid-South alleges that it "provided goods and/or services on an ongoing basis to Diconelci."[2] From February 2020 to July 2020, "Diconelci issued and submitted purchase orders for coil tubing control line to Mid-South."[3] Mid-South alleges that it fulfilled those orders and sent invoices to Diconelci with payment due in 90 days.[4] Despite making a formal demand for payment, Mid-South claims that Diconelci has only paid $4,000 of the $77,971.52 balance.[5] Accordingly, Mid-South filed this action

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 1, ¶ 12.
[3] *Id*. ¶ 6.
[4] *Id*. ¶¶ 7, 8.
[5] *Id*. ¶¶ 9–11.

on May, 31, 2023 seeking to recover the remaining $73,971.52 pursuant to the Louisiana Open Account Statute, La. R.S. 9:2781, *et seq.*

Summons was delivered to Diconelci via FedEx certified shipping on June 7, 2023.[6] Diconelci's answer was due on June 28, 2023, but no answer or responsive pleading has been filed. Upon motion by Mid-South, the Court granted an entry of default as to Diconelci on August 15, 2023.[7] Mid-South filed this motion for default judgment on August 25, 2023.[8] Diconelci received notification of the motion for default judgment by postal mail from the Clerk's office. To date, Diconelci has not responded to the motion.

## II. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required period.

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotations omitted). Before the clerk

---

[6] R. Doc. No. 6.
[7] R. Doc. No. 10. While normally the Clerk of Court grants the entry of default, the Court granted the entry of default in this case. R. Doc. No. 10.
[8] R. Doc. No. 11.

may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After the clerk has entered a default, the plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). At this point, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotations and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

3

The Court is entitled to consider several factors when determining whether to enter a default judgment, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

If the Court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing except "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see Duncan v. Tangipahoa Par. Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

# III. ANALYSIS

As noted previously, Mid-South has satisfied the procedural requirement needed to obtain an entry of default. Accordingly, the Court considers whether Mid-South has adequately alleged its claim under Louisiana law.

In Louisiana, "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant." La. R.S. 9:2781. "Citation and service of a petition shall be deemed written demand for the purpose of this Section." La. R.S. 9:2781(A).

An open account "include[s] any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties excepted future transactions." La. R.S. 9:2781(D). Louisiana courts have explained an open account is "an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings." *Ormet Primary Aluminum Corp. v. Ballast Tech., Inc.*, 436 Fed.Appx. 297, 300 (5th Cir. 2011) (quoting *Tyler v. Haynes*, 760 So.2d 559, 563 (La. Ct. App. 2000)). "In short, an open account, as its name indicates, is an account that is open to future modification, one that is left open for ongoing debit and credit entries and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." *Wood Materials LLC v.*

*Berkley Ins. Co.*, No. CV 17-10955, 2018 WL 560473, at *3 (E.D. La. Jan. 24, 2018) (Africk, J.) (internal quotations omitted).

Mid-South submitted an affidavit alleging that Diconelci had an open account with Mid-South that extended credit for Diconelci to purchase coil tubing control line.[9] With respect to that line of credit, Diconelci submitted four separate purchase orders, between May 2020 and October 2020, with an outstanding balance of $73,971.52.[10] Accordingly, because the credit line was running and open to future modifications, the account is an open account subject to La. R.S. 9:2781. Pursuant to La. R.S. 9:2781(A), Mid-South's service of process on June 7, 2023 satisfied the requirement for a written demand on Diconelci.[11] Since no payment has since been received and over thirty days have elapsed, Mid-South is entitled to recover under La. R.S. 9:2781.

The Court next considers whether a default judgment is warranted under the factors enumerated in *Lindsey*. No material facts are in dispute, as Diconelci has failed to file any responsive pleadings or otherwise appear in this matter. Diconelci's failure to respond has substantially prejudiced Mid-South's interest in resolving its claims and recovering the amount owed on the account. There is no indication that Diconelci's default was caused by a good faith mistake or excusable neglect. The grounds for default are clearly established, as discussed throughout this opinion. The Court is aware of no circumstances indicating that it would be "obliged to set aside

---

[9] R. Doc. No. 11-2.
[10] *Id.*
[11] R. Doc. No. 6.

the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. While the Court recognizes the harshness of a default judgment, this does not outweigh the other factors in favor of granting a default judgment. *Id.* Accordingly, the Court concludes that Mid-South has alleged a claim for recovery against Diconelci pursuant to La. R.S. 9:2781 such that there is a sufficient basis in the pleadings for a default judgment.

Having so concluded, the Court must "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co.*, 2017 WL 3991076, at *5. Because "the amount claimed is a liquidated sum or one capable of mathematical calculation," the Court can calculate the amount of recovery without a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

In support of its motion, Mid-South submitted an affidavit and invoices documenting the outstanding balance.[12] The affidavit asserts that Diconelci submitted four separate purchase orders, between May 2020 and October 2020, totaling $77,971.52.[13] Diconelci subsequently paid $4,000 of the outstanding balance. Accordingly, Mid-South is entitled to recover $73,971.52 on the open account.[14]

Mid-South also requests interest, costs, and attorney's fees. As explained, pursuant to La. R.S. 9:2781, when a claimant correctly sets forth the amount owed on an open account, the person who failed to pay "shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when

---

[12] R. Doc. No. 11-2.
[13] *Id.* at 2.
[14] *Id.*

7

judgment on the claim is rendered in favor of the claimant." In other words, the statute "provides for the recovery of attorney's fees in cases where a claimant [successfully] sues another for failure to pay an open account." *Congress Square Ltd. P'ship v. Polk,* No. 10-317, 2011 WL 837144, at *4 (E.D. La. Mar. 4, 2011) (Fallon, J.). As Mid-South has been successful on the open account claim, it is entitled to recover reasonable attorney's fees. An affidavit from Mid-South's president states that Mid-South agreed to a 25% contingency fee arrangement with its counsel for the collection of Diconelci's outstanding payment.[15] Louisiana courts have routinely upheld contingency fees of 25% as reasonable in open account cases. *See e.g.*, *Midland Funding, LLC v. Urrutia*, 131 So.3d 474, 475 (La. App. 5 Cir., 2013); *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419, 422 (La. App. 1 Cir.,1983); *Dyna Intern. Corp. v. Mashburn*, 397 So.2d 1080, 1082 (La. App. 4 Cir. 1981); *Monlezun v. Fontenot*, 379 So.2d 43, 46 (La. App. 3d Cir. 1979). Accordingly, Mid-South is entitled to recover 25% of the collection amount, which is $18,492.88.

Pursuant to La. Civ. Code Art. 2000, since the object of performance is a sum of money, interest is measured "from the time [performance] is due." Accordingly, interest on the amount owed on the account will be assessed at the legal rate fixed in La. R.S. 9:3500 from October 11, 2020.[16]

---

[15] R. Doc. No. 11-2, ¶ 9.

[16] The last invoice was sent to Diconelci on July 13, 2020, and payment was due 90 days later. Accordingly, performance (payment by Diconelci) was due on October 11, 2020.

Mid-South seeks to recover costs, including $427.91 incurred so far. However, Mid-South has submitted no documentation of the costs incurred for the Court to assess its entitlement to those costs. Accordingly, the Court cannot award costs to Mid-South based on the evidence before the Court. Furthermore, while Mid-South does not mention the Local Rules in its motion, the Local Rules explain the procedure for a motion to tax costs. Local Rule 54.3 gives the prevailing party thirty-five days after receiving notice of entry of judgment to serve an application on the adverse party and file with the clerk a motion to have costs taxed. The motion to tax costs must be served with "a certification that the items are correct and that the costs have been necessarily incurred." Local Rule 54.3.

## IV. CONCLUSION

Having considered Mid-South's motion and accompanying exhibits, as well as the applicable law, the Court finds that Mid-South is entitled to a default judgment. Accordingly,

**IT IS ORDERED** that the motion for default judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Mid-South and against Diconelci for the principal amount of $73,971.52, interest assessed from October 11, 2020 pursuant to the rate fixed in La. R.S. 9:3500, and attorney's fees of $18,492.88.

**IT IS FURTHER THAT ORDERED** that Mid-South's request for costs is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, September 6, 2023.

 

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**